**Hassan VAZIN, Plaintiff–Appellant,**

v.

**TENNESSEE STATE UNIVERSITY; Tennessee Board of Regents, Defendants–Appellees.**

**No. 01–6357.**

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before MARTIN, Chief Circuit Judge; KEITH and KENNEDY, Circuit Judges.

Hassan Vazin, a Tennessee litigant proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Named as the defendants are Tennessee State University ("TSU"), his former employer and the Tennessee Board of Regents ("TBR"), TSU's governing agency. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The facts underlying this lawsuit are adequately set forth in the district court's memorandum entered September 10, 2001, and will not be repeated herein. Suffice it to say that TSU employed Vazin

as a temporary and non-tenured assistant professor in its Computer Science Department. On September 25, 1998, TSU issued a "Position Announcement" for a tenure track position in its Computer Science Department at the rank of assistant professor. The "Position Announcement" reflected a minimum qualification as master's degree in computer science. Vazin does not possess a master's degree in computer science. Nonetheless, Vazin applied for the announced tenure track position, but was not selected. Vazin filed his complaint alleging discrimination based upon race and national origin by virtue of his non-selection for the tenure track position, demotion in his term position, and payment of a salary for less than the amount advertised for the position. Vazin was allowed to amend the complaint to add a claim under the Equal Pay Act, 29 U.S.C. § 216(b) ("EPA"). After a period of discovery, the defendants moved for summary judgment. The district court granted summary judgment to the defendants. This appeal followed.

Upon review, we conclude that summary judgment for the defendants was proper, as there is no genuine issue of material fact, and they are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Vazin's claim for alleged discriminatory acts occurring before July 7, 1999 is barred by Title VII's statute of limitations. See 42 U.S.C. § 2000e-5(e)(1); Brown v. Crowe, 963 F.2d 895, 896 (6th Cir.1992). Vazin fails to establish a prima facie case of intentional discrimination with regard to his non-selection for a tenure track position in the Department of Computer Science, and his demotion claim. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Thurman v. Yellow Freight Sys., Inc., 90 F.3d 1160, 1166 (6th Cir.1996); Talley v. Bravo Pitino Rest., Ltd., 61 F.3d 1241, 1246 (6th Cir.1995). Further, the record establishes that the difference in pay between Vazin and Gita Jones was based on "any factor other than sex," specifically the difference in their educational qualifications. See 29 U.S.C. § 206(d)(1); Corning Glass Works v. Brennan, 417 U.S. 188, 195, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974). Moreover, while Vazin cites the demotion as the retaliatory act to support his retaliation claim, Vazin was never actually an associate professor, but was always an assistant professor. Thus, Vazin cannot establish a prima facie case of retaliation. See Moore v. KUKA Welding Sys. & Robot Corp., 171 F.3d 1073, 1080 (6th Cir.1999). Finally, Vazin fails to state an actionable claim under the False Claims Act, 31 U.S.C. § 3730.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.